Susan Lynn Mimura
V. Renee Karel
Danielle Evans
SUSAN LYNN MIMURA & ASSOCIATES, PLLC
Attorneys at Law
3451 E. Copper Point Drive, Suite 106
Meridian, Idaho 83642
Telephone:  (208) 286-3140
Facsimile:  (208) 286-3135
Idaho State Bar Nos. 3033, 9050, 10366
Service Email:  slm@idahoattys.com
Handling Attorney Email:  team1@idahoattys.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **SHERRIE NUNEZ, an individual**<br><br>**Plaintiff,**<br><br>v.<br><br>**GENESIS HEALTHCARE (a holding company); SUNBRIDGE HEALTHCARE LLC; SUNNY-RIDGE CENTER,**<br><br>**Defendant.** | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, SHERRIE NUNEZ ("Nunez"), through her attorneys of record, SUSAN LYNN MIMURA AND ASSOCIATES, PLLC, alleges as follows:

## INTRODUCTION

This action arises under Title VII of the Civil Rights Act of 1964, in which Defendant, GENESIS HEALTHCARE ("GENESIS") unlawfully fired Nunez for her religious beliefs.

Specifically, she was required to be injected with what has been commonly called the Covid vaccine or risk termination. When Nunez requested a religious accommodation, Genesis questioned her beliefs, failed to seriously consider her request, and failed to offer any reasonable accommodation. Instead, they terminated her.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 in that this is a civil action arising under the Civil Rights Act of 1964. Under 28 USC § 1367, it also has supplemental jurisdiction over any state law claims.

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that the events or omissions giving rise to the claims occurred in Idaho, and all parties reside in or have their place of business in this District.

## PARTIES

3. Nunez is a citizen of the State of Idaho, currently residing in Minidoka County.

4. Upon information and belief, Genesis Healthcare is a holding company that owns Sunbridge Healthcare, LLC, operating a center (Sunny-Ridge) in Nampa, Idaho. Sunbridge Healthcare, LLC is registered with the Idaho Secretary of State.

## GENERAL ALLEGATIONS

5. Nunez began employment with Genesis in January, 2017, at a different location than Sunny-Ridge.

6. Soon after that location was sold, the Divisional Vice-President, Tim Davis, asked her to take the position of Center Executive Director for the Sunny-Ridge location in Nampa.

7. Nunez was the Center Executive Director at the Sunny-Ridge location from about November 20, 2020 til she was terminated on or about August 26, 2021.

8. On or about August 2, 2021, Genesis instituted a new policy requiring all employees to receive at least two injections of what has been commonly called the Covid vaccine ("the shot") or risk termination.

9. Genesis provided an option for employees to request religious exemptions.

10. On August 5, 2021, Nunez requested such an exemption, and she provided a document clearly describing her beliefs and objection to the shot.

11. Nunez objection was that the shot had been developed by use of aborted fetal cells, and she provided documentation to Genesis showing how the shot had been developed.

12. She stated further that she had a sincerely held religious belief against the use of fetal cells in that way.

13. Genesis then required Nunez to provide a Follow-up Religious Accommodation Request Form, and it requested that she prove that she had avoided all other products derived in a similar manner to the Covid shot.

14. In fact, Nunez had not received other injections of similarly-developed medications, and she provided a response stating that.

15. She also provided a letter from her pastor, confirming her sincerely held religious belief.

16. Genesis did not follow up further with Nunez about her avoidance of such products in the past.

17. Genesis disagreed with Nunez' beliefs regarding the shot's development, and in fact told her that she had based her objection on false information.

18. The Sunny-Ridge facility is a large building separated into three different units—the Skilled Nursing Unit (SNF), the Residential Care Unit (RCU), and the Independent Living Unit (ILU).

19. Both the RCU and the SNU were behind closed doors, apart from the ILU.

20. Nunez' office was in the ILU.

21. If as part of her administrative duties she needed to go to one of the other units, she did not provide any direct resident care.

22. Nunez rarely interacted with any of the residents in close proximity.

23. Morning meetings held in the SNF were in a small dining room away from resident rooms and care areas.

24. If Nunez interacted with residents at all, she wore all the required Personal Protective Equipment and she followed the guidance set forth by Genesis and the CDE.

25. These requirements included wearing N95 masks in the SNF, and gowns as indicated according to the community transmission rate. At times, goggles and gloves were required.

26. In the past, Genesis had accommodated other employees who rejected flu shots by allowing them to wear masks during the flu season.

27. Even though wearing a mask or other protective equipment would be an accommodation that caused no undue burden to Genesis, Genesis did not offer that accommodation to Nunez.

28. Instead, Genesis denied Nunez' request for religious accommodation and terminated her on or about August 26, 2021.

29. Genesis additionally protested Nunez' claim for unemployment, stating that she had violated company policy and failed to meet the standards they had a right to expect.

30. This was despite the company policy was only very recently created.

31. Ultimately, Nunez prevailed in a hearing with the Department of Labor and did receive unemployment compensation.

32. Genesis' actions caused damage to Nunez. Besides losing her income, she has suffered damage to her reputation, and she had to sell her home and uproot her family.

## CIVIL RIGHTS CLAIM

### COUNT ONE
### RELIGIOUS DISCRIMINATION
### IN VIOLATION OF THE CIVIL RIGHTS ACT

33. Nunez repeats the allegations of the preceding paragraphs.

34. Genesis was required to engage in an interactive process to determine if Nunez' beliefs were sincerely held.

35. Employers are not allowed to deny religious accommodations simply because an employer might disagree with those beliefs.

36. Additionally, Genesis was required to consider whether Nunez could be accommodated in her beliefs, such as by allowing her to wear a mask rather than take the shot.

37. Allowing Nunez to wear a mask would not have created an undue burden on Genesis.

38. Genesis did not consider any accommodations, masks or otherwise.

39. By failing to offer the same accommodations to Nunez that it had offered to other employees in the past, Genesis discriminated against her.

40. Genesis' actions caused damages to Nunez.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

1. Compensatory damages for front pay, back pay, and loss of reputation, in an amount to be proven at trial;

2. General damages for pain and suffering, including emotional distress, in an amount to be proven at trial;

3. Compensatory damages for violations of employment discrimination law;

4. Reasonable attorneys' fees and costs, as allowed under any applicable statutes and rules;

5. Punitive damages, in an amount to be proven at trial;  and

6. Any other relief the court deems appropriate.

## JURY TRIAL

Nunez requests a jury trial, in accordance with F.R.C.P. 38.

RESPECTFULLY SUBMITTED this 27th day of April, 2021.

/s/ Renee Karel
RENEE KAREL
Attorney for Plaintiff

**COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　6
*Nunez v. Genesis Healthcare*
**Case No.** _____